# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 2020 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

ctucker@faillacelaw.com

January 25, 2021

**VIA ECF**
Honorable Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
Courtroom: 14D
500 Pearl St.
New York, NY 10007-1312

    Re: Franco Perez et al v. Super Gourmet Food Corp. et al
       1:16-cv-04375-AKH

Your Honor,

  This firm represents Plaintiffs in the above-referenced matter. We write to respectfully respond to the Court's January 25, 2021 Order. Dkt. No. 101.

  "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed Rules Civ Proc R 68.

  We respectfully refer the Court to Mei Xing Yu v Hasaki Rest., Inc., 944 F3d 395, 400 [2d Cir 2019]. In that case, the Court of Appeals for the Second Circuit held that, "on its face, Rule 68(a)'s command that the clerk *must* enter judgment is mandatory and absolute." Id. (emphasis added). The Second Circuit further held, "the holding in *Cheeks* was limited to Rule 41(a)(1)(A)(ii) dismissals with prejudice." Mei Xing Yu v Hasaki Rest., Inc., 944 F3d 395, 411 [2d Cir 2019] ("we decline to extend *Cheeks*' holding" to Rule 68).

  The only instance in which Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 [2d Cir. 2015] authorizes a Court to conduct review of a settlement agreement is when a plaintiff seeks dismissal of the action with prejudice pursuant to F.R.C.P. R. 41(a)(1)(A)(ii). Indeed, the Mei Xing Yu Court candidly stated that they were "confining Cheeks to Rule 41(a)(1)(A)(ii) stipulated dismissals with prejudice." 944 F.3d. at 412.

  In the case at bar, the Plaintiffs accepted Defendants' offers of judgment by filing the acceptances electronically.

  "Section 9.1 of this Court's Electronic Case Filing Rules and Procedures provides in relevant part that 'in cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court . . . . Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as

recipients of notice by electronic mail.'" Stemcor United States v Miracero, S.A. de C.V., 66 F Supp 3d 394, 397-398 [SDNY 2014] (citing United States District Court for the Southern District of New York, Electronic Case Filing Rules & Instructions, Rule 9.1 (Mar. 17, 2014), available at http://www.nysd.uscourts.gov/ecf/ECF Rules Revision 031714.pdf). "Thus, this and other courts have construed Federal Rule 5(b)(2)(E) to provide that the transmission of a notice of electronic filing constitutes transmission of the 'paper' that was filed electronically." Id.

Based on the foregoing, the parties respectfully request that the Court enter judgment as proposed. See Mei Xing Yu v Hasaki Rest., Inc., 944 F.3d 395, 400 (2d Cir. 2019) (holding that judicial approval is not required of Rule 68(a) offers of judgment settling claims under the Fair Labor Standards Act).

We thank the Court for its time and attention to this matter.

                                               Respectfully submitted,

                                               */s/ Clifford R. Tucker*
                                               Clifford R. Tucker
                                               MICHAEL FAILLACE & ASSOCIATES, P.C.
                                               Attorneys for the Plaintiffs

Cc: Via ECF

Netanel Newberger
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W8
New Hyde Park, NY 11042
516-328-8899
Fax: 516-328-0082
Email: shwarma1@hotmail.com

Emanuel Kataev
Milman Labuda Law Group, PLLC
3000 Marcus Avenue
Suite 3W8
New Hyde Park, NY 11042
516-328-8899
Fax: 516-328-0082
Email: emanuel@mllaborlaw.com

Richard I Milman
Milman Labuda Law Group PLLC
3000 Marcus Ave.
Lake Success, NY 11042
(516)328-8899
Fax: (516) 328-0082
Email: rich@mmmlaborlaw.com