UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                              :

FRANCO PEREZ, *et. al.*,                          :
                                              :       **ORDER APPROVING**
                                  Plaintiffs,      :       **SETTLEMENT**
             v.                                         :
                                              :       16 Civ. 4375 (AKH)
SUPER GOURMET FOOD CORP., *et al.*,    :
                                              :
                               Defendants.    :
                                              :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Pursuant to my order of February 12, 2021, ECF No. 105, the parties submitted their settlement to the court for review. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1989 (2d Cir. 2015). I approve the settlement as fair, adequate, and reasonable. I also approve attorneys' fees and expenses as requested.

         This is a lawsuit for overtime and minimum wages under New York and Federal laws. The amount demanded was $814,295.53. The settlement amount is $104,000, less legal fees and expenses of $35,076.67, or $68,923.33 to be allocated among the five plaintiffs.

         The defendant company was a restaurant the has been out of business for more than five years. The principals who also were sued are effectively judgment proof for any larger sum than they agreed to pay, and have demonstrated their status with appropriate financial documentation. If the suit had been continued, they likely would have filed for bankruptcy protection.

         In these circumstances, the settlement is fair, adequate, and reasonable. Plaintiffs' lawyers are able and experienced, and have represented their clients diligently. The settlement "reflects a reasonable compromise of disputed issues" and is the "product of arm's-length

1

bargaining between experienced counsel." *Lliguichuzhca v. Cinema 60*, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Given defendants' financial condition, the settlement reflects the best that reasonably could have been gotten.

Plaintiffs' lawyers' time devoted to this case comes to $44,207, as shown by contemporaneous billing records. They ask for less, a third of the settlement, inclusive of expenses. I award them their request, $35,076.67 as fair and reasonable. As the Court of Appeals recently held, counsel who bring these wage and hours cases, protecting an under-served and needy part of our population, should be properly incentivized to file these cases. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019).

Plaintiffs have not submitted a plan for allocation of the settlement among the five plaintiffs. My approval of the settlement is conditioned to their doing so, within three days, and my approval thereof.

Plaintiffs promise to file a stipulation of dismissal promptly after filing of this Order, for the court's approval. They are ordered to do so, at the same time as they file their allocation plan.

The Clerk of Court is ordered to close this case upon plaintiffs' filing of a stipulation of dismissal and my so order. Jurisdiction will be maintained if needed to enforce the settlement agreement.

SO ORDERED.

Dated:   April 16, 2021  
         New York, New York

/s/  
ALVIN K. HELLERSTEIN  
United States District Judge